IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BERKSHIRE HATHAWAY
HOMESTATE INSURANCE COMPANY;

Plaintiff,

vs.

MESSER-BOWERS COMPANY;

Defendant.

**8:24CV295**

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motions to Compel Arbitration and Dismiss Plaintiff's Complaint. Filing No. 7.[1] For the reasons set forth herein, the Court grants Defendant's motion and stays further proceedings.

## BACKGROUND

On July 24, 2024, Plaintiff filed a complaint alleging breach of contract, unjust enrichment, and equitable indemnity. Filing No. 1. The complaint alleges the action arises "from an error [Defendant] committed in its capacity as an insurance agent" and cites various portions of an April 26, 2016 agency agreement between Plaintiff and Defendant ('the Agreement"). Filing No. 1. Plaintiff claims Defendant breached its contract when Defendant, in its capacity as an insurance agency, inaccurately represented in an application that a third party had a certain fire protective safeguard inducing Plaintiff to issue a commercial property insurance policy. Thereafter, Plaintiff alleges Defendant did not indemnify Plaintiff pursuant to the parties' indemnity agreement or give Defendant's errors and omissions

---

[1] There is a split of authority on the issue, but judges within the District of Nebraska have held that motions to arbitrate are non-dispositive and can be ruled on by a magistrate judge. *See All. Grp., Inc. v. Zurich Am. Ins. Co.*, No. 8:21CV188, 2021 WL 5325883, at *1 (D. Neb. Nov. 16, 2021) ("This Court agrees with those courts holding that 'a motion to compel arbitration is a non-dispositive motion' and can be decided by a magistrate judge.").

carrier notice of its mistake. Plaintiff bases its equitable indemnity claim on these facts. Plaintiff also alleges Defendant was unjustly enriched when it received commissions from Plaintiff, which included for the policy at issue.

On November 11, 2024, Defendant filed its motion to compel arbitration, attaching the Agreement as evidence. Filing Nos. 7, 9-1. Relevant portions of the Agreement, for purposes of the pending motion, are set forth below:

### VII.    ARBITRATION

Company and Agency agree that disputes between them arising out of this Agreement and related to the amount of commission or other monies owed to Agency by Company shall be settled by binding arbitration pursuant to the procedures and rules set forth by the American Arbitration Association ("AAA").  . . .

. . .

### XV.    GENERAL PROVISIONS

. . .

#### B.    Venue

The parties hereto agree that the United States District Court for the District of Nebraska and the District Court of Douglas County, Nebraska, shall be the sole and exclusive forums in which to file suit for disputes arising out of or related to this Agreement. The parties irrevocably consent to jurisdiction and to venue.

Filing No. 9-1 at 10-11.


### ANALYSIS

## I.    Standard of Review

In deciding a motion to compel arbitration where the parties rely on matters outside the pleadings, the Court applies a standard akin to summary judgment. *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002) ("The FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet. But courts that have addressed the question have analogized the standard to that required of a party opposing summary judgment

under Rule 56(e) of the Federal Rules of Civil Procedure."); *see also Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018). Therefore, the Court will "view[] the evidence in the light most favorable to the nonmoving party" and grant the motion if "'there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *DeLuna v. Mower Cty.*, 936 F.3d 711, 716 (8th Cir. 2019) (quoting *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010).

## II.    Validity and Scope of Arbitration Agreement

As noted above, the Agreement contains an arbitration provision that states "disputes between them arising out of this Agreement and related to the amount of commission or other monies owed to Agency by Company shall be settled by binding arbitration . . ." Filing No. 9-1 at 10. Based on this language, Defendant seeks an order compelling arbitration of the parties' dispute pursuant to the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 1 *et seq.*

The FAA provides "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). The plain language of the Agreement indicates the Agreement involves a transaction involving commerce.

In reviewing a motion to compel arbitration, the Court must determine "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement*." Robinson v. EOR-ARK, LLC,* 841 F.3d 781, 783-84 (8th Cir. 2016) (quoting *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)). The Court must grant a motion to compel arbitration "if a

valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008). Whether a valid arbitration agreement exists is a question of state contract law. *Donaldson Co., Inc. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2009). The parties do not dispute validity of the Agreement. Instead, the Plaintiff contends the present claims fall outside the terms of the arbitration provision. Filing No. 12.

Because it is undisputed that a valid agreement exists, "'[t]he party resisting arbitration bears the burden of showing either that the arbitration provision is invalid or that it does not encompass the claims at issue.'" *H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, 76 F.4th 1093 (8th Cir. 2023) (quoting *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8thCir. 2022). A court must "liberally construe" a valid arbitration agreement. *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 873 (8th Cir. 2018) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.")). When resolving this issue, a court must first determine "whether an arbitration clause is broad or narrow." *Parm*, 898 F.3d at 874 (citing *Unison Co. Ltd. V. Juhl Energy Development, Inc.*, 789 F.3d 816, 818 (8th Cir. 2015). "If a clause is broad, the liberal federal policy favoring arbitration agreements requires that a district court send a claim to arbitration as long as the underlying factual allegations simply touch matters covered by the arbitration provision." *Parm,* 898 F.3d at 874 (internal citations and quotes omitted).

When an arbitration provision covers claims "arising out of" or "relating to" an agreement, the arbitration clause is broad. *Parm, 898 F.3d at 874.* While the present arbitration clause does contain the term "arising out of", the analysis does not end there. Rather, the primary dispute among the parties is the interpretation of the following sentence:

> Company and Agency agree that disputes between them arising out of this Agreement *and* related to the amount of commission or other monies owed to Agency by Company shall be settled by binding arbitration . . .

Filing No. 9-1 at p. 10 (emphasis added). Plaintiff contends the provision should be interpreted to mean the parties agreed to arbitration for disputes that *both*: (1) arise out of the Agreement *and* (2) relate to the amount of commission or other monies owed to Defendant by Plaintiff. Defendant contends the provision is ambiguous, stating the provision could be interpreted in: (a) the manner in which Plaintiff contends; (b) to mean the parties agreed to arbitration when *either*: (1) the dispute arises out of the Agreement *or* (2) relates to the amount of commission or other monies owed to Defendant by Plaintiff; or (c) to mean the parties agreed to arbitration when the dispute arises out of the Agreement and, then, confirmed, that such disputes include the amount of commission or other monies owed to Defendant by Plaintiff. The third interpretation (set forth in part "c") above, is based on the Eighth Circuit's decision in *JES Farms P'ship v. Indigo AG Inc.*, 116 F.4th 733 (8th Cir. 2024).[2]

As recently stated by the Eighth Circuit, "[a] motion to compel arbitration 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *H&T Fair Hills*, 76 F.4th at 1099. (citing *Indus. Wire Prods., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 520 (8th Cir. 2009); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("questions of arbitrability must be addressed with a healthy regard of the federal policy favoring arbitration . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of

---

[2] Because of the remainder of this Court's conclusion, the undersigned finds it unnecessary to determine whether this is the type of arbitration provision that was contemplated under *JES Farms*.

arbitration, whether the problem at hand is in the construction of the contract language itself . . ." (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 24-25 (1983)). Upon review of the arbitration provision at issue, the undersigned agrees with Defendant. There are at least two ways in which the arbitration provision can be interpreted.[3] *See also Pulsifer v. United States*, 601 U.S. 124, 127 (2024) (analyzing the appropriate interpretation of the word "and"; when doing so, the court recognized the phrase "the defendant does not have (A), (B), and (C)" might be read in two different ways", namely,  it could mean: (1) "the defendant does not have the combination of the 'three elements listed in (A), (B), and (C).'" or (2) "the defendant does not have every one of those elements"); *see also Tahirou v. New Horizon Enterprises,* LLC, 2020 WL 6335914, at *5 (D.Conn. 2020) (compelling arbitration when the language of the agreement was susceptible to two reasonable constructions, one of which was within the scope of arbitration).

One reasonable interpretation of the provision encompasses disputes between the parties "arising out of" the Agreement, which is broad.[4] When applying a broad arbitration provision, a court is to determine whether "the underlying factual allegations simply touch matters covered by the arbitration provision." *Parm,* 898 F.3d at 875 (quotation omitted). When answering this question, the Court is to look past labels and "to the underlying factual allegations and determine whether they fall within the scope of the arbitration clause." *Id.* The allegations in the Complaint clearly "touch" the matters covered by the arbitration provision when the claims

---

[3] Plaintiff argues the Agreement's venue provision provides guidance as to the scope of the arbitration provision, i.e., that it does not cover all disputes "arising out of or related to this Agreement." However, this argument is rejected both because: (1) of the lack of clarity in the arbitration provision and (2) as Defendant points out, the venue provision itself is not made entirely useless due to the need for the courts to validate an arbitrator's award. 9 U.S.C. §§ 9-11.

[4] Even if the undersigned found the arbitration clause was narrow, the undersigned would conclude the dispute at hand falls under the arbitration clause as it clearly relates to the Agreement.

relate to Defendant's need to indemnify Plaintiff pursuant to the Agreement and the commission Defendant earned as a result of the Agreement. The Court finds the claims are encompassed by the arbitration provision.

For the reasons set forth herein,

IT IS SO ORDERED:

1. Defendant's Motion to Compel Arbitration, Filing No. 7, is granted. The parties are directed to proceed to arbitration in accordance with the terms of their agreements.
2. This case is stayed pending arbitration.
3. The parties shall file a joint status report regarding the progress of arbitration every ninety (90) days beginning May 29, 2025.
4. The Clerk of the Court is directed to set an initial status report deadline of May 29, 2025.

Dated this 28th day of February, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge